**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Gary Ray and Stacy Ray, | ) | C. A. No.3:11-cv-449-JFA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| General Insurance Company of America, | ) | |
| d/b/a SAFECO, and Cliff Heath | ) | |
| Insurance, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

This insurance coverage dispute is before the court upon two motions. First, Plaintiffs ask the court to remand his matter to state court because they do not believe that Defendant Cliff Heath Insurance Company, the insurance agent who procured the insurance coverage at issue in this case with the insurer Defendant General Insurance Company of America, is fraudulently joined. Second, Defendant General Insurance Company of America asks the court to dismiss from this case Plaintiffs' claim pursuant to the Unfair Trade Practices Act. After considering the parties' briefs, and welcoming oral arguments, the court grants Plaintiffs' oral motion to amend their complaint, and in doing so, it finds their motion to remand moot. Furthermore, the court grants Defendant General Insurance Company's motion to dismiss.

## I. Plaintiffs' Motion to Remand

Defendant removed this matter to federal court, and Plaintiffs now move the court to remand it back to state court. With Cliff Heath Insurance, Inc. joined as a defendant,

complete diversity does not exist between Plaintiffs and Defendants, as Cliff Heath Insurance and Plaintiffs are all citizens of South Carolina. General Insurance Company of America contends, however, that Plaintiffs fraudulently joined Cliff Heath Insurance as a defendant in this suit. Therefore, they ask the court to ignore its citizenship for purposes of determining whether or not it possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. "To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted). General Insurance Company does not allege any bad faith in Plaintiffs' pleadings of jurisdictional facts, so the court must only inquire into whether Plaintiffs have any possibility of recovery against Cliff Heath Insurance.

General Insurance Company asserts that there is no possibility that Plaintiffs can establish a cause of action against Cliff Heath Insurance based on the facts pled in the amended complaint. In their amended complaint, Plaintiffs assert six causes of action: (1) declaratory judgment; (2) reformation of the insurance contract; (3) Improper Claims Practices Act violations; (4) breach of contract; (5) breach of contract accompanied by a fraudulent act; and (6) a violation of the South Carolina Unfair Trade Practices Act. At the hearing regarding this matter, Plaintiffs admitted that the amended complaint, in its current state, does not properly assert a claim against Defendant Cliff Heath Insurance.

Nevertheless, they moved the court to amend their complaint because they contend that they had a longstanding relationship with Cliff Heath Insurance, as their insurance agency, and that Cliff Heath Insurance undertook a duty to advise them about seeking equivalent coverage when Plaintiffs were changing policies. Being the case, the court grants Plaintiffs fourteen days from the date of this order to file an amended complaint to allege this cause of action against Cliff Heath Insurance. Because Plaintiffs will amend their complaint, their motion to remand is rendered moot, and the court will address any renewed motion to remand at the appropriate time.

## II.     Defendant's Motion to Dismiss Plaintiff's Unfair Trade Practices Claim

Defendant General Insurance Company also moves the court to dismiss Plaintiffs' claim that it violated the South Carolina Unfair Trade Practices Act. It contends that this state claim is not available to the Plaintiff under the facts and circumstances of this case because South Carolina Code section 39-5-40(c) specifically exempts certain unfair trade practices from coverage under the Unfair Trade Practices Act. Section 39-5-40(c) states, "This article does not . . . apply to unfair trade practices covered and regulated under Title 38, Chapter 57, §§ 38-57-10 through 38-55-320 [Trade practices in the insurance business]." General Insurance Company also cites to several cases from courts in this district that have dismissed Unfair Trade Practices Act claims against insurance companies pursuant section 39-5-40(c). In *K&M Merchandising, LLC v. American Western Home Insurance Company*, Judge Wooten stated in his order:

> The defendant seeks dismissal of plaintiff's third cause of action for violation of the South Carolina Unfair Trade Practices Act, S.C. Code § 39-

3

> 5-20 (2002) ("SCUTPA"). The SCUTPA creates a private right of action for "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by § 39-5-20." S.C. Code § 39-5-140(a). However, SC Code § 39-5-40(c) specifically exempts certain unfair trade practices from coverage under the SCUTPA. Among these practices are those related to insurance. As noted, "all unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38-57-10 et seq., and are exempt from the coverage of SCUTPA. *Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co.*, 868 F. Supp. 128, 130–31 (D.S.C. 1994). *See also Colonial Life & Accident Insurance Co., v. American Family Life Assurance Co. of Columbus*, 846 F. Supp. 454, 462-63 (D.S.C. 1994).

No. 4:09-1943, 2010 U.S. Dist. LEXIS 13049, at *3–4 (D.S.C. February 16, 2010). With this legal framework in mind, Judge Wooten concluded:

> It is undisputed that the plaintiff's claim under the SCUTPA relates solely to a dispute over insurance coverage. Such a claim is not supported by the terms of the Act itself nor by the relevant cases interpreting the Act. For these reasons, . . . the plaintiff's third cause of action for 'Violation of Unfair Trade Practices Act' is DISMISSED.

*Id.* at *4. General Insurance Company also cites to a decision by Chief Judge Norton in *Newman v. Bankers Life & Casualty Company*, No. 2:10-2135, 2010 U.S. Dist. LEXIS 118714, *7–8 (D.S.C. Nov. 8, 2010), in which he too dismissed a plaintiff's Unfair Trade Practices Act claim because he found it was barred under section 39-5-40(c). Because Plaintiffs' case also involves conduct concerning the business of insurance, the court finds that S.C. Code section 39-5-40(c) precludes application of the Unfair Trade Practices Act to the facts of this case and dismiss this claim with prejudice.

## **CONCLUSION**

Based on the foregoing, the court grants Plaintiffs' oral motion to amend their complaint, and any such amendment must be made within fourteen days of this order. In making this ruling, Plaintiffs' motion to remand is rendered moot, and the court will consider any renewed motion to remand this matter at the appropriate time. It is further ordered that Plaintiffs' Unfair Trade Practices Act claim is dismissed from this suit, and Plaintiffs' second amended complaint should reflect this ruling.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

April 4, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

5