IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gary Ray and Stacy Ray, | ) | C/A No.: 3:11-cv-449-JFA |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | **ORDER** |
| General Insurance Company of America, d/b/a, SAFECO and Cliff Heath Insurance, Inc., | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

      This matter comes before the court on the motion of Plaintiffs Gary and Stacy Ray to enter default against Defendant Cliff Heath Insurance, Inc., pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for its failure to answer or otherwise respond to the Plaintiffs' complaint against it within the applicable time period. In response, Defendant Cliff Heath Insurance, Inc. moves the court to set aside any entry of default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.

      The court's review of the record reveals that the Plaintiffs served Cliff Heath Insurance with its amended complaint on May 5, 2011, which gave Cliff Heath Insurance until May 26, 2011 to respond to the complaint. Cliff Heath Insurance did not file its answer, however, until May 27. Rule 55(c) permits a court to set aside an entry of default for good cause. Fed.R.Civ.P. 55(c). "Traditionally, . . . relief from a[n entry of default] should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." Cox v. Sprung's Transport & Movers, Ltd., 407 F.Supp.2d 754, 757 (D.S.C. 2006) (internal citations omitted). "[A]ll that is necessary to establish the existence of a 'meritorious

2

defense' is a presentation or proffer of evidence, which if believed, would permit either the Court or the jury to find for the defaulting party." Id. Other factors to consider include "the personal responsibility of the party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir.1987). Rule 55(c) must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Id. at 954 (internal quotation marks omitted).

Cliff Heath Insurance asks the court to refrain from finding it in default because it has acted with reasonable promptness in seeking to set aside any entry of default by filing its motion with the court one day after the time to answer the Plaintiffs' complaint expired. Furthermore, it claims that it has a meritorious defense to the Plaintiffs' breach of contract and breach of contract accompanied by a fraudulent act claims asserted against it. Based on the facts set forth above, as well as the argument made by the parties in their briefs, the court finds that Cliff Heath Insurance has demonstrated good cause and excusable neglect. Furthermore, the court finds that it acted with reasonable diligence in seeking to set aside the default and has tendered a meritorious defense. Therefore, applying the factors set forth above, the court denies the Plaintiffs' motion for a default judgment.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

June 21, 2011  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

2